The Honorable Jim Barnett
State Senator, 17th District
1301 W. 12th Avenue, Suite 202
Emporia, Kansas 66801
Dear Senator Barnett:
As Senator for the 17th District, you offer two questions for our review. The first is whether a county hospital operating under a management contract may enter into contracts that include a group purchasing fee. The second is whether the topic of quality of care and staffing issues that do not involve individual patients or employees is allowable in an executive session.
Newman Regional Health (Hospital) is the county hospital for Lyon County. County hospitals are created and operated within statutory parameters.[1] Once created, the appointed or elected board of trustees is responsible for all of the policies and operational decisions of the county hospital.[2] The board of trustees of a county hospital is authorized to enter into a contract for management of the county hospital.[3] Currently, the Hospital contracts with Quorum Health Resources, LLC (Quorum) for hospital administrative services. The powers of the board are very broad. The controlling statute states:
 "The board shall make and adopt such bylaws and rules and regulations for the management and control of the hospital as it deems necessary so long as the same are not inconsistent with the act, the statutes of the state of Kansas, the resolutions of the county. . . ."[4]
Group purchasing organization fees are a contractual arrangement where a hospital receives a percentage discount or rebate, generally 3%, for materials and supplies purchased through a group purchasing organization.[5] The agreement between the Hospital and Quorum refers to and permits participation in group purchasing organization agreements.[6] Quorum retains these funds as a part of its management contract.[7] Those amounts are reported to the Hospital board on an annual basis. It is important to clarify these agreements are not exclusive purchasing contracts. The Hospital, acting through Quorum, may seek materials and supplies from any source.
Specifically, you have asked if the fees received by Quorum as part of the group purchasing agreement are an illegal kickback or rebate and lack a public purpose. Because the Hospital must conduct its operations within the statutory strictures, we look to the statutes for any language that would prohibit the receipt or retaining of purchasing organization fees.
The Kansas Medicaid Fraud Control Act refers to bribes, kickbacks, or rebates as illegal.[8] However, the Act provides a "safe harbor" section which allows "a refund, discount, copayment, deductible, incentive, or other reduction obtained by a provider in the ordinary course of business, and appropriately reflected in the claims or reports submitted to the medicaid program. . . ."[9] The prohibition against bribes, kickbacks or rebates is based upon the theory that once a provider has been reimbursed for the billed service, it has been made whole. Any additional compensation must be accounted for, either by a report or within the claim. The agreement between the Hospital and Quorum reflects this requirement.[10]
Therefore, the group purchasing fees that may be collected by Quorum, as manager of the Hospital, may be retained provided they are reported to the appropriate agencies that use public funds to reimburse the Hospital for services provided.
Your second question asks if a general discussion of quality of care and staffing issues may be discussed in executive session. The Kansas Open Meetings Act (KOMA) provides that it is the public policy that meetings be open to the public.[11] The board of trustees of a county hospital is subject to the provisions of KOMA and is required to hold meetings open to the public.[12] Only those subjects listed in KOMA or provided for by another statute may be discussed privately in executive session.[13] There is no provision for a general discussion of quality of care or staffing issues. However, if the topic regards an individual patient or employee, a discussion could take place in executive session in order to protect personal privacy.[14] Additionally, past Attorney General opinions have concluded that other statutes may authorize discussion behind closed doors either by specific language or inference.[15] Depending upon the specific circumstances and topics to be discussed, an executive session may or may not be appropriate.
In conclusion, a private hospital management company operating a county hospital may receive fees from a group purchasing organization provided those fees are reported as required by statute. A general discussion of quality of care and staffing issues would not be allowed in an executive session unless the topic concerned an individual staff member, patient, or another subject closed by statute.
Sincerely,
Steve Six
Attorney General
Michael J. Smith
Assistant Attorney General
SS:MF:MJS:jm
[1] K.S.A. 19-4601 et seq.
[2] See Attorney General Opinion No. 95-110 for a discussion of the role of county commissioners and the hospital board.
[3] K.S.A. 19-4612(d).
[4] K.S.A. 19-4610. Emphasis added.
[5] For a more detailed description about Group Purchasing Organizations and how they operate see, Group Purchasing Organizations,Pilot Study Suggests Large Buying Groups Do Not Always Offer HospitalsLower Prices, Testimony of William J. Scanlon, Director, Health Care Issues, United States General Accounting Office, Before the Subcommittee on Antitrust, Competition, and Business and Consumer Rights, Committee on the Judiciary, U.S. Senate, GAO-02-690T (2002).
[6] Agreement for Hospital Administrative Services, Article 3.4.
[7] Id.
[8] K.S.A. 21-3847(a)(1). This language is similar to the federal statute, 42 U.S.C. § 1320a-7b(b), prohibiting kickbacks, bribes or rebates.
[9] K.S.A. 21-3847(d). This language is similar to the federal statute42 U.S.C. 1320a-7b(b)(3)(C). The federal "safe harbor" language may be found at 42 C.F.R. 1001.952(j).
[10] Agreement for Hospital Administrative Services, Article 3.4.2.
[11] K.S.A. 2007 Supp. 75-4317.
[12] Murray v. Palmgren, 231 Kan. 524 (1982).
[13] K.S.A. 2007 Supp. 75-4319.
[14] K.S.A. 2007 Supp. 75-4319(b)(1) (personnel matters of non-elected personnel); K.S.A. 2007 Supp. 75-4319(b)(5) (student, patient or resident of a public institution).
[15] Attorney General Opinion No. 89-42 discussing hospital peer review and risk management reports.